UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacobo Safdie,<br><br>                          Plaintiff(s),<br><br>  -v.-<br><br>I. C. System, Inc.,<br><br>                         Defendant(s). | Case No: 7:22-cv-6168<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

     Plaintiff Jacobo Safdie (hereinafter, "Plaintiff"), brings this Complaint by and through his attorneys, against the Defendant I. C. System, Inc. (hereinafter, "Defendant" or "I.C."), based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

     1.    Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

     2.    Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a

1

private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Orange.

8. Defendant I.C. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process located at c/o C T Corporation System, 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

**FACTUAL ALLEGATIONS**

10. Plaintiff repeats the allegations above as if set forth here.

11. On a date better known to Defendant, an obligation was allegedly incurred to the original and current creditor, Verizon Wireless ("Verizon"), a non-party to the instant suit.

12. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes.

13. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

14. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. Upon information and belief, Verizon contracted with the Defendant for the purpose of debt collection. Therefore, Defendant I.C. is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

16. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations –Fraudulent Collection*

17. Some time prior to March 14, 2022, Defendant sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt originally and currently owed to Verizon. (*See* Letter at Exhibit A).

18. The Letter sets forth that the purpose of the communication is to collect a debt.

19. The Letter sets forth that as of December 16, 2021, Plaintiff owed $318.29.

20. The Letter sets forth that between December 16, 2021 and "today" the Plaintiff was charged $31.82 in fees toward the debt.

21. The Letter sets forth that between December 16, 2021 and "today" the total amount of the debt is now $350.11.

22. However, Defendant deceptively fails to inform the Plaintiff consumer what "today" is.

23. "Today" is undefined in the Letter.

24. The Letter is undated.

25. Plaintiff had disconnected, discontinued and returned his Verizon equipment/account(s) prior to the Letter.

26. However, the Letter left the Plaintiff with only two options as follows: (a) contact the Defendant to get even the most basic information about this debt and dispute period; or (b) pay the alleged debt to restore his credit score, reputation and mental health.

27. Accordingly, since the Letter also caused him shock, anxiety, stress and lost sleep, *Plaintiff paid the Defendant the alleged total amount of the debt* to restore his health and good name.

28. Plaintiff was scared that his credit profile would remain tarnished by this fraudulent collection.

29. The money Plaintiff used to pay the alleged debt could have been used to pay down other interest/fee accruing obligations, but the Plaintiff, in reliance on the Letter, paid off the total amount quoted for the reasons set forth above.

30. Thus, as a direct result of the Plaintiff's reliance on the Letter, Plaintiff suffered a financial detriment.

31. Moreover, as a direct result of the Plaintiff's reliance on the Letter, Plaintiff suffered emotionally.

32. Plaintiff ultimately was issued a refund because the alleged debt was fraudulent.

33. Specifically, Plaintiff was issued a refund because he, in fact, returned his Verizon equipment years before the Letter and his account should have been disconnected/closed accordingly without charge.

34. Accordingly, as a direct result of the Defendant's improper debt collection, Plaintiff suffered direct harm.

35. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

36. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

37. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, conversion and defamation.

38. The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against a fabricated claim which subjects him to a panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

39. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

40. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

41. Intimidation includes "unlawful coercion" and "putting [another] in fear". Black's Law Dictionary 1990.

42. The fear of the victim need not be so great as to result in terror, panic, or hysteria. Id.

43. Recovery may be had under the common law for negligent infliction of emotional distress without a showing of physically manifested harm.

44. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

45. These violations by the Defendant were unconscionable, knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

46. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

47. As described above, the Plaintiff was misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

48. As described above, the Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

49. Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

50. Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

51.     As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, the Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

52.     Plaintiff repeats the allegations above as if set forth here.

53.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55.     Defendant violated §1692e:

   a. As the Letter falsely represents the true character and/or legal status and/or amount of the debt in violation of §1692e(2)(A); and

   b. By making false and misleading representations/omissions in violation of §1692e(10).

56.     By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

57.     Plaintiff repeats the above allegations as if set forth here.

58.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

59. Pursuant to 15 U.S.C. § 1692g, an initial communication with a debtor regarding a debt must state the amount of the debt and include notice concerning the debtor's 30-day period to dispute same.

60. Defendant violated this section by failing to date the Letter, and as a result, overshadowed, confused, misrepresented, and/or or clouded the clear amount of the debt and/or the dispute period that the Plaintiff was entitled to, in violation of § 1692g (a) (1), (3).

61. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

62. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jacobo Safdie, demands judgment from the Defendant I.C. as follows:

1. Awarding the Plaintiff statutory damages;

2. Awarding the Plaintiff actual damages;

3. Awarding the Plaintiff, the costs of this Action, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest; and

5. Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 20, 2022                                  Respectfully Submitted,

                                            **STEIN SAKS, PLLC**

                                            **/s/ Robert Yusko**
Robert Yusko, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph: 201-282-6500
ryusko@steinsakslegal.com
*Attorneys for Plaintiff*